Arling case 17-2420 United States of America v. Charles Sands oral argument not to exceed 15 minutes per side Mr. Nelson for the appellant. Thank you it may please the court and Paul Nelson on behalf of Charles Sands and I would like to reserve four minutes for rebuttal. Mr. Sands is challenging the application of a four-level enhancement during the calculation of his advisory guideline range which increased the advisory range by or excuse me which resulted in a sentence that was imposed of anywhere from 21 to 32 months above the guideline range that he believes should apply. The basic facts of this case are that during the search of Mr. Sands residence the ATF agents located a firearm in a gun safe and during the course of their search when they prepared the return on the search warrant they listed the gun listed the serial number and submitted that to the court and eventually Mr. Sands was charged with several offenses he ultimately pled guilty to being a felon in possession of a firearm and the enhancement at question at issue here was recommended by the probation officer and adopted by the court over Mr. Sands objection and the basic argument is that in light of the fact that the ATF agents who are charged with the responsibility of enforcing the federal gun laws when they look at a gun and they determined that the serial number is sufficiently legible without any sort of scientific test just based on the naked eye to record that that the for purposes of the sentencing enhancement the serial number should not be considered as being either altered or obliterated. That's subject to your motion to take judicial notice is that right? Well the motion to take judicial notice your honor during the in the sentencing memorandum submitted on behalf of Mr. Sands one of my other attorneys in our office filed representing Mr. Sands in the district court and during the sentencing the brief argument on the issue at sentencing pointed out that the return did reflect the serial number and the reason that there was a motion to take judicial notice is because although there was no there was no dispute that that that serial number was listed on the return that that return was not made part of the record it was in the magistrate judges record rather than the district judges record. I know the search warrant so you're talking about the search warrant return is that what you said? Yes. Okay but the the facts that you recited that they were able to read it is already in the record they were able to read the serial number or not? It I guess not not expressly other than other than the fact I think and I think the pre-sentence report may noted that there was that it was defaced but actually I think judge Maloney said that that it was readable judge judge Maloney I think said that the defacing made it more difficult to read but it was it's less legible I to me that means that the numbers were readable. Yes I don't I'm not sure that there was any real dispute over that based on the way that this was was dealt with in the district court and the issue in the cases. I'm gonna ask the government because I want their position on the motion the pending motion but whether or not the the officers could read the serial numbers I'm not sure that's dispositive I think whether a whether a reasonable person I guess an average person could read it whether or not the officers in fact did read it or not I think we have a more of an objective standard than a subjective standard shouldn't we well I think you're kind of arguing for the the the naked eye standard that yes you could still see it by the naked eye then it's not obliterated or altered so the fact that somebody subjectively read it or not it's not quite the same thing of whether a reasonable person objectively can see it or not that's that's all. I understand what you're saying and I'm one unpublished opinion from this court dealing with this enhancement and most the cases from the other the other courts of appeals and I think it's the Carter case from the Ninth Circuit which seems to be well it's one that everyone seems to rely on all the other circuits come back to that difference there is not all the circuits adopt the the naked eye part of it that you can read it well the problem here and one thing that I found it sort of interesting as I read through this that and I'm not sure that it would have been helpful to have some sort of a chart this this the cases addressing this enhancement I don't I'm not sure that any of them actually were issues where there was a naked eye argument made that in all of these cases the standard that the courts applied was relatively low but the cases the facts were generally pretty egregious that these were cases where someone had actually apparently ground off and I think that was the Sixth Circuit case the love case where it talked about the silvery patina where the serial number was someone actually physically ground it off and the argument in that case was that well if by scientific experimentation or whatever you can bring that back microscopically and they rejected that they said no if it's if you only can see the serial numbers by a microscope microscopically then it it has been obliterated or defaced because you shouldn't have to go that far well exactly but and that's what I'm saying that the standard that the seems to be here that if there's any material alteration that makes it more difficult to read it seems to be a relatively low standard but all of these cases are ones where one of them I can't remember exactly which one one case one Court of Appeals said because some sort of paint or some other substance was laid over the serial number and that had to be removed to read it that that counted but there are other ones where they talk about they couldn't tell if it was a other things like that where they were pretty well destroyed and but they say well it's it's sort of a situation that where the courts did not necessary have did not necessarily have to say exactly where the line was drawn but in all of those cases I think that they clearly fell on the side of the line that would result in that assessment being being applied and I think you know if in this case had it been a situation like that and someone taken a grinder to the serial number or some of these other things that were done in some of these other cases that I don't think I'd be here now making this argument because the clear case the easy cases it doesn't matter what the standard of that is being applied is because there's would be very little if any dispute that serial number has been obliterated and that's I'm sorry were you well I was going to ask did you have a question I did I found myself in preparing for this case sort of scratching my head sometimes appellate courts make things more it doesn't say anything about read it with the naked eye it doesn't say I mean I don't know why we're not talking about the dictionary meaning of altered and why we're talking about all these other things and can you give me a convincing rationale for that I mean these the serial number is in this case from looking at your exhibits I mean there they can still be read at least for the most part but yeah they've been altered they're not like they started out and why isn't that the end of the analysis well I think because you found some cases that make it more complicated well not necessarily your honor I think the problem with when the statute of the guideline talks about altered or trying to put those in context and I think there are cases where they talk about a serial number well and we did cite in our brief we did cite some dictionary definitions but I'd submit that you alter a serial number when you change a three to an eight or an eight to a three when you change a five to a six something like that that if you're and that comes down to the issue that we did address about the attempt that if you attempt to obliterate something by scratching through it but it's still legible that that should not count as an alteration per se it's not an attempt statute and you know I've written about this before I understand that Congress knows how to enact criminal statutes that prohibit attempts and here their attempt this is a enhancement of course but there is no enhancement for attempting to obliterate attempting to alter and I see your argument is that you know it's scratched up that there was an attempt to alter these or to obliterate it but they didn't they didn't succeed they didn't accomplish it and therefore they didn't complete complete the the action and therefore there's no enhancement and I think we do have to figure out a stat a standard because the the science is such that the the government in these other cases have all these scientific instruments now that can can see through and find out what originally it was so even though it's obliterated to our eyes there are traces that exist later on that science can find out and maybe maybe nothing can ever be altered or obliterated you know beyond what science can resurrect I guess but is that really what the statute or the enhancement prohibits though I the enhancement is so that these serial numbers can be traced and traced by by the police and they don't all have microscopes and everything out there to do it with so I think we got to figure out a standard that that applies my time's expired and could I just to respond to that because and one of the things that and I think it was in the Carter case decided where the Ninth Circuit said basically that you impute the knowledge of the enhancement to the defendant that they can look at a gun on the street and decide well that's that's obliterated or not and in that support that's for having this whether they did the attempted alterations or the by possessing this that that that's the that's correct and it's a strict liability enhancement and I guess our position on that is that they can't tell then why should they be punished well if they can't tell but also if if they can't tell but the ATF agents whose responsibility it is to enforce this don't believe it's an issue then all of a sudden that you're putting you're putting more knowledge to the defendant than you are to the agency thank you good afternoon your honor Sean Lewis appearing on behalf of the United States judge Gibbons I think I'd like to start off following up on one of the questions that you asked for the points that you raised with the motion for judicial motion what's the government's position on that your honor I don't I guess I don't oppose it I don't think that's the right way to technically get it in front of the court and if I can just be clear in terms of I don't don't oppose it I think we're probably gonna grant it if I just may I don't oppose it insofar as it goes which is okay I don't disagree that the return says what it says that the police report says what it says they actually asked that to be included in the record right and you have no objection to including these two documents in the record I do not I do not and since we're talking about those two I'll just briefly follow up on that you know to the extent the defendant mr. Sands is arguing that the court should have considered those documents that were not in front of it I think he fails to establish clear error beyond that I don't really think they move the needle that much in terms of the course decision because as the Fourth Circuit pointed out in Harris it was the judge's decision he had to make the factual determination it wasn't up to the agency and beyond that as I pointed out in my brief the agency in fact he did use the it contrary to the gloss that mr. Sands gave it in his initial opening brief but to circle back judge Gibbons to the point you were making in terms of look what we're talking about here is there's both alteration and obliteration an alteration is really not a complicated term and that was the point that the First Circuit made in Adams they had look alteration to alter something is a understands this is not a very difficult complicated technical term it's something that we get as they said it doesn't cry out for elaboration and so when one is what does it mean it means I think we go to the dictionary definition is it make something different does it okay if this serial number is 67 and still 67 it hasn't been altered is that right that it is well I mean you have to know more if nothing has changed nothing is if you still read it I mean so there's scratch marks on it and basically that's what we have in this case we have scratch marks all over the place but the the the numbers are still legible they haven't been altered and they haven't been well they haven't been changed into something else but they have been altered if okay I thought your definition of alter was to change into something else no to make different that's different they were made different because somebody and the court has those pictures in front of it can see that somebody put a grinder particularly to the number on the frame of the weapon looks like somebody put a it looks very much different than it did before they began and particularly the number on the frame one cannot actually if one is just looking at the number on the back of this frame here one cannot tell what that is by consulting a three in total particularly the serial number that's on the barrel is in the best condition one can piece it together but if you're looking one by one at the serial numbers this serial number right here on the back of this frame is very different it has been made materially different than what it was at the time it was stamped by the manufacturer in accordance with federal law and I think really judge Griffin the point you're making gets to the parsing the different definitions that the Ninth Circuit looked at in Carter and saying well one could say that alteration means changing a three to an eight for the example that defense was using that's a gloss somebody could give to alter but in the context of this statute and the plain meaning what people understand these terms to mean that is not the most faithful definition and the Ninth Circuit really went into looking at the various dictionary definitions and said alteration really doesn't mean only or in this case the best interpretation or definition means changing a three to an eight making something into something else but it means making something different materially so and that's why you see in Carter and then in Perez and the other circuits that have followed it they say is there has there been a material change so what material is whether you can still read the number isn't that the material issue not at all and and again the Ninth Circuit and other circuits have the whole purpose of the statute and the enhancement is so that the serial numbers are identifiable that are there they're readable that they're traceable and if the numbers still exist you know how does how does that further what what it's all about sure and and what's material material here is to be able to read it I would think well it that's the point and so the courts have rightly so when they've talked about materiality said does it make it more difficult to read the number and that's where you get into the materiality because and this goes to kind of the philosophical point you were making judge a little earlier as science progresses it may be the case that we can eventually figure out no matter how many severe a grinding job somebody does you can always figure it out that can't be what these terms mean that it defies the plain language it defies the statutory and the guideline purposes that so long as through the the expenditure of extraordinary means we can eventually figure it out that certainly stymies the policy goals of making sure that law enforcement can easily access these serial numbers and again looking if one wants to look at what test would you have you don't want to have the naked eye test that that defendant has advocated what what what is the test I mean I think we need something more than just something totally subjective and in my view this is this what your test the I think that the court should follow the same test that the other circuits have adopted in this court look to in love which is has there been a material change it makes accurate information less accessible and that has been the standard that the court across the country the circuit court have adopted so the 4th and not for so the 5th circuit 7th 8th 9th have adopted that the 6th circuit in love the first circuit articulated that standard a little bit differently but it's the same concept they said is a serial number appreciably more difficult to the same concept it just expressed in slightly different terminology and that materiality concept is one that is very appropriate for the fact finder to be making particularly in the context of a serial number I mean I understand it the courts have gone this particular way but I'm not sure why why you necessarily think that there's a materiality component I mean altered is what altered is right and I think probably where I would come out on that is the first circuits explanation on that I thought was compelling and they talked about how inherent in the term alter there is some materiality component and that was kind of one of the issues in that case and they said look again alters not a difficult concept people understand with what it is an implicit in there is some degree of materiality because if there's just a facial scratch from as the defendant hypothesized dropping it or something that really doesn't get us there so I think really what we're talking about is implicit in that term what people understand altered to mean is a degree of materiality so let me ask you this that the whole purpose of this is to make the to make it easier for the law enforcement to figure out what the number is and accessibility so if you've got a gun like this one that has the serial number in two different places and I think you said the one on the barrel is you can that's accessible by your definition but the one on the back of the gun is not and it clearly isn't to me I could not look at that and tell you what number there's a number that appears to be totally missing right after the second S what am I to do with the fact that on the same gun you can see the number one place but you can't see it the other which means that law enforcement can pick it up and say all right this is SBS 63662 and thank you because that's one of the next topic I wanted to turn to is of the case law here whether it's this court's opinion in mixin or other circuits such as they've been have held that the standard is is any you have to look at these serial numbers one by one and so long as any one of them meets the standard then the either the enhancement or 922 K is met and that makes good sense from a policy standpoint because and again judge doctor you point this out there are actually three locations on a firearm that have serial numbers on this particular one on the frame on the barrel and on the slide but these components you can in about five seconds or so depending on your dexterity and familiarity with this weapon you can field strip this weapon and have sitting out here on the desk the frame in one piece barrel and another piece and the slide you can change amongst this is a Taurus I forget what the model is you can interchange those pieces so that is the reason that the courts looked at any one and so long as any one is an altered then you've set up something that could be mishandled or misidentified or whatever right and it's my understanding that under federal law the only serial number location that's on the frame so it would be the one in the back as in common parlance we would talk about because the slides are transferable because you can transfer out barrels so so long of it is that would be the dangerous piece is that what you're telling me that yes the frame or the yes on the frame of it that's the location that's required absolutely required by federal law but the broader point is so long as any one of these has been obliterated or altered to the degree it makes it much more difficult for law enforcement we get into the heartland of what these restrictions are yeah I just didn't I don't know guns and I didn't quite understand that point but I you've made it for me thank you your honor and judge Griffin I believe it was you had asked counsel what was in the record in terms of whether or not defense counsel had mentioned the search warrant in return during sentencing the answer is yes if one looks at her comments during sentencing she did mention it also in the pre-sentence report the pre-sentence report writer noted that two locations were significantly defaced but still readable albeit barely but he noted that one of the numbers was complete was totally obliterated and illegible and to answer your question about what was the nature of the evidence and information before judge Maloney that's what we had I mean judge Maloney didn't say that any number was unreadable did he I mean he just said they were more difficult to read and the scratching made it less legible but his his wording those are the findings we're reviewing right yes that's correct your honor and that what judge Maloney found was it that some of those numbers because of the alteration were quote much more difficult to read okay I mean you you agree with the defendant that an attempt is not prohibited here do you know I do agree with that because it is an alteration there the if all we were dealing with was a statute or a guideline that prohibited obliteration then I think his argument might have some legs because one could look at at least the numbers other than the one on the frame that's I think some of those digits are as judge doctor he pointed out I mean I got the brief here and I do have an iPad so I guess I can expand them a little bit but I don't have any trouble reading any of the numbers here the so going going back to the point and again I think that kind of illustrates the point that if what the court has to do is zoom in on an iPad or using technology assume that the officer would actually have the gun and they could actually look at it up close which is basically what I'm doing with the iPad is I'm putting it up to my to my eye and it's it's legible I mean the you know if you have a picture from far away I mean you've got to be able to get up to it and see the gun would be the best evidence if you had the gun there and okay here's the gun can you see it or not but of course you don't agree with the naked eye test anyway right so then we have to decide whether in your view it's been materially altered which makes it more difficult well I would I would think most attempts would do that and temp temp has to be a substantial effort toward the completion of it which I would be making something a little more difficult to read and I but if I can finish answering your question about the attempt I think the argument might have some legs if all the statute or the guideline prohibited was obliteration but it doesn't it prohibits alteration and I think we have a completed alteration was put in there I mean alter it I because originally I looked at it what what did obliterate a serial number mean or alter a serial number I would think alter like the Defense Council argues means like changing a six to a nine or eight to a eight to a six or you know that that's altering a number it seems to me that seems like the more logical definition of alter as opposed to somehow change it or attempt to change its form or attempt to obliterate the yes I guess what you want to say alter well the the practical effect of a poor importing a materiality test is that you are it is an attempt kind of a it's backdooring into attempt and in a way alteration itself whether you do a materiality test or you just use a dictionary definition that is a way of punishing attempts the guy who doesn't actually get the serial number obliterated but has done something that affects the serial number to that constitutes a making it different that guy's on the way he's attempting obliteration you just didn't get there but the same thing I think that's right and that's why the Commission and Congress used the word alteration and just obliterate to pick up the attempted obliteration but we still have alteration and and that standard was satisfied here and there's nothing clearly erroneous about judge Maloney's findings that the digits were much more difficult to make out they were clearly altered and they were done for the purpose of masking the identity of the weapon we'd ask that the judgment of the thank you um one thing and I'm not sure if you might have read too much into my argument judge Griffin although if you didn't it helps I'm happy to have you do it the naked eye test I'm not asking that that be the actual test to be all and end all our position is if it can be seen and read by the naked eye then no it doesn't qualify and again some of these other cases and there was talk about this Fourth Circuit case where they said the judge looked at it at sentencing and determined that the enhancement applied but in that case the judge looked at the gun from 18 inches away and by the regulations here that the the serial number has to be they say at least 1 16th of an inch in height and I'm not sure I mean 18 inches is a long distance to be looking at that and even if it was pristine I'm not sure the judge would have been able to read it but all of these cases the Sixth Circuit the unpublished case in love the court talked about the fact that although was visibly stretched it said the three officers and a lab technician had difficulty reading it and that was what they came to on that but the I think this case bears out the legal maxim about hard cases make bad law and I think that because we have all of these cases where serial numbers are destroyed as I argued before and they say that if it's materially different if it's scratched through one thing that came to me a while ago and I'm glad that I remembered it there's a commercial I see every now and then for I think it's Liberty Mutual Insurance where they're complaining about the insurance company they had and the woman standing there and she said I bumped into another car and there's a scratch on it that you could fix with a pen but they're jacking up my insurance rates and it's that same sort of thing that if there's a minimal scratch that I suppose in some ways even a single line however small drawn through the serial number pardon no but if that's the kind of analysis that these other courts of appeals seem to be using that their cases are so bad and we come up with this that if it that and again in terms of being altered if a single line is drawn through the serial number under the government's position that would alter the serial number therefore make make this apply and it is the purpose of the statute and first the statute was not or the guideline came from the statute the statute is the same thing the purpose of all of this is to make it more difficult to trade in stolen guns and so on and easier for the authorities to trace them and these are in terms of materiality that if you can read it and the ATF agents could read it I don't see how any of these scratches could be material if they can read it with their naked eyes at the scene while they're performing the search and finally I just again would point out the comments I made in the briefs and in the reply briefs about Judge Scalia's comments about how the the interplay between the courts and federal agencies interpreting the regulations that here one under that analysis one would expect the ATF to err on the side of making sure that it counts citing it as being obliterated or altered and then let the courts decide but here they didn't even get to that point so we'd ask the court to vacate the sentence and remand for resentencing without this enhancement thank you we appreciate the argument both of you given will consider the case carefully that being the last argument